ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 094103)
mlee@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:   (310) 312-4224

CARYN BROTTMAN SANDERS (Bar No. CA 175378)
LAW OFFICES OF CARYN SANDERS
27240 Turnberry Lane, Suite 200
Valencia, California 91355
(661) 362-0788
Fax (661) 362-0789

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,,<br><br>        Plaintiff,<br><br>   vs.<br><br>THOMAS J. PRIOR, an individual, and USA ENTERTAINMENT, an unknown business entity formerly sued as DOE No. 1,<br><br>      Defendants. | Case No. CV 07-2535 ABC (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT] |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, it is, pursuant to the Court's authority under F.R.C.P. 26(c), and with the consent of the parties, hereby ORDERED:

1.    **Scope of Order.**  This Order is intended to facilitate the parties' production of information and documents as part of voluntary disclosure and in

response to discovery requests.  Nothing in this order is to be construed to expand or limit the parties' discovery obligations.  This Order covers the production and use of all Discovery Materials in this action that constitute, contain or disclose, in whole or in part, information which the designating party deems to be "Confidential Information" or "Sensitive Confidential Information."  All Documents, Pleadings, and testimony containing Confidential Information or "Sensitive Confidential Information" shall be protected in accordance with the terms of this Order.  Although Discovery Materials and Pleadings that quote, summarize, or contain materials entitled to protection may be accorded status as Confidential Information or Sensitive Confidential Information, to the extent feasible these materials shall be prepared in such a manner that the Confidential Information or Sensitive Confidential Information is bound separately from that not entitled to protection.

2.    **General Definitions.**  For purposes of this Order, the following terms have the following meanings:

(a)    "Document" shall mean and include, without limitation, all materials, electronic information and tangible things defined as broadly as permitted under Federal Rule of Civil Procedure 34.

(b)    "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes, or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any third party pursuant to subpoena or otherwise created or included in the course of discovery.

(c)    "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

(d)    "Party" or "Parties' shall mean and include the parties to this litigation and their respective current and former officers, employees, agents,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

**STIPULATED PROTECTIVE
ORDER**

1  affiliates and subsidiaries.

2         (e)   "Designating Party" shall mean the Party designating

3  Discovery Material as "Confidential Information" or "Sensitive Confidential

4  Information."

5         3.   **Confidential Information Defined.**  For purposes of this Order,

6  "Confidential Information" shall mean and include any information (regardless of

7  how it is generated, stored, or maintained), including Documents, Discovery

8  Materials and Pleadings, that contains information within the scope of Federal Rule

9  of Civil Procedure 26(c) or which is a trade secret, proprietary, confidential

10  commercial or business information, or otherwise confidential or private.  For

11  certain limited types of "Confidential Information," the producing party may further

12  designate such Confidential Information as "Sensitive Confidential Information," as

13  discussed more fully in Section 4 below. "Confidential Information" shall not

14  include Documents that have been produced before entry of this protective order.

15        4.   **Sensitive Confidential Information Defined.**   "Sensitive

16  Confidential Information" is information which, if known by the party to whom it is

17  disclosed, would be inherently harmful to the Designating Party's business.

18  "Sensitive Confidential Information" may include the Designating Party's

19  proprietary financial information or reports, to the extent any such information or

20  reports is not relevant to any claim for damages.   "Sensitive Confidential

21  Information" may not include any information, testimony or Documents relevant to

22  any Designating Party's damages claims or calculations, or other information

23  ordered by the Court to be disclosed under particular conditions and to specified

24  parties.   "Sensitive Confidential Information" shall not include Documents that

25  have been produced before entry of this protective order.

26        5.   **Designating Protected Material.** All designations shall be

27  made in good faith by the Designating Party and made at the time of disclosure,

28  production, or tender, provided that the inadvertent failure to so designate does not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

**STIPULATED PROTECTIVE
ORDER**

constitute a waiver of such claim, and a producing party may so designate the information after such information has been produced, with the effect that such information is thereafter subject to the protections of this Order.  The designation of Discovery Materials in the form of Documents and Discovery Materials other than depositions or other pretrial testimony as Confidential Information or Sensitive Confidential Information shall be made by the Designating Party in the following manner:

(a)     Documents designated "Confidential" shall be so marked by affixing the legend "CONFIDENTIAL" or similar confidential designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

(b)     Documents designated "Sensitive Confidential" shall be so marked by conspicuously affixing the legend "SENSITIVE CONFIDENTIAL" on each page (or in the case of computer medium on the its label and/or cover) to which the designation applies.  Designations of "Sensitive Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation because the relevant Discovery Material is highly confidential, the disclosure of which is likely to be commercially damaging to the Designating Party.  Such information should not be disclosed to any employees of the Party receiving such information, absent Court order, even though employees are bound by this Order and Agreement.

(c)     If a Document has more than one designation, the more restrictive or higher confidential designation applies.

6.     **Designation of Deposition Testimony.**  All depositions taken in this case and the transcripts thereof shall automatically be treated as Sensitive Confidential Information for 20 days after receipt of the transcript.  This 20-day period will begin running the day after the transcript is received by counsel for the

party defending the deposition and will conclude at the end of the 20th consecutive day (including weekends and holidays).  Any confidentiality designation must be sent to opposing counsel by the end of the 20th day.   During the deposition or during this 20-day time period, any Party may designate the deposition or any portion thereof as Confidential Information or Sensitive Confidential Information. Upon delivery of such designation to the other Party, the entire deposition transcript or the designated portion thereof shall be treated as Confidential Information or Sensitive Confidential Information subject to this Stipulation.  If any deposition transcript or portion thereof has not been designated as Confidential Information or Sensitive Confidential Information by the expiration of the 20-day period after receipt of the transcript, that deposition or portion will no longer be Confidential Information or Sensitive Confidential Information.

7. **Basic Disclosure Principles.**   Neither the Parties nor their counsel shall permit disclosure of Confidential Information or Sensitive Confidential Information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

8. **Disclosure of Confidential Information.**   Confidential Information may not be disclosed to any person except:

(a)    Any Party to this action, including their Information Technology staff;

(b)    Counsel for the Parties in this action, including their paralegals and clerical staff, experts, consultants and in-house counsel;

(c)    Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct this action, or to maintain the security of the ticketmaster.com website, provided that experts shall not have access to Confidential Information or Sensitive Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Declaration attached as Exhibit A;

1    (d)    The Court and its personnel;

2    (e)    Court reporters engaged for depositions, hearings or trial;

3    (f)    Witnesses in this action to the extent necessary for the
4 conduct of this litigation and who have first signed the Agreement to be Bound by
5 Protective Order attached as Exhibit A;

6    (g)    The author(s) or any recipient of the document or the
7 original source of the information in any document; and

8    (h)    Professional vendors that provide litigation support
9 services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or
10 demonstrations, etc.) and their employees who have first signed the Agreement to
11 be Bound by Protective Order attached as Exhibit A.

12    9.    **Disclosure of Sensitive Confidential Information.**  Sensitive
13 Confidential Information shall be subject to the same restrictions as Confidential
14 Information but Sensitive Confidential Information may only be disclosed to the
15 parties identified in Sections 8(b)-(e) and (g)-(h), above, and 8(f) above to the
16 extent counsel has a good faith belief that the witness currently has or would be
17 expected to have knowledge of the contents of the document, or of its subject
18 matter, and to no one else.

19    10.    **Use of Discovery Material.**  Confidential Information and
20 Sensitive Confidential Information produced in this litigation shall be used for
21 purposes of this action, and to maintain the security of ticketmaster.com.  The
22 persons or entities identified in Sections 8-9, above, to whom Confidential
23 Information or Sensitive Confidential Information is disclosed pursuant to this
24 Order shall not make any copies of or use such Confidential Information or
25 Sensitive Confidential Information for any purpose, whatsoever, except those
26 related to this action or to maintain the security of ticketmaster.com.  Nothing in
27 this Order shall prohibit any person or entity owning rights in or to Confidential
28 Information or Sensitive Confidential Information from using such information in

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

6

**STIPULATED PROTECTIVE
ORDER**

any manner consistent with such ownership rights, including, for example, the use of Confidential Information maintained by the Parties in the ordinary course of the Parties' business, though any prohibition or restriction on any such use of such Confidential Information or Sensitive Confidential Information in any previous order of the Court shall continue to govern use of such information.  This Order shall not limit the right of any Party to assert any claim in this or any other action.

11.    **Offering Materials into Evidence.**  If in connection with any motion or other proceeding in this action or Related Actions, any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that would reveal or tend to reveal Confidential Information or Sensitive Confidential Information, such evidence shall be redacted to remove all Confidential Information or Sensitive Confidential Information that is not reasonably necessary for the Court to understand the purpose of the Document as described in the Pleading and to effect the reasonable purpose of the offering party in submitting the document.

12.    **Filing of Materials Containing Confidential Information.** When a Party intends to file with the Court, or otherwise introduce into evidence, any Documents, testimony, or any other material containing Confidential Information or Sensitive Confidential Information that cannot be redacted pursuant to Section 11, above, counsel for the filing or offering party shall notify counsel for the Designating Party of such intent.  Such notifications shall be made within a reasonable time not less than two business days before filing, such that the Designating Party has an opportunity to object to the necessity of the disclosure of the Document as presented and to work out an acceptable alternative to the proposed disclosure.  The parties shall endeavor to reach agreement on any redactions or other methods which may be available to permit the filing or introduction of the Confidential Information or Sensitive Confidential Information with the Court such that the evidentiary objectives of the offering party can be met

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

**STIPULATED PROTECTIVE
ORDER**

1   without disclosure of Confidential Information or Sensitive Confidential
2   Information.

3       13.   **Filing Under Seal.**  Any Confidential Information or Sensitive
4   Confidential Information filed with the Court shall be submitted for filing under
5   seal in accordance with the provisions of Local Rule 79-5.1 and in addition shall be
6   submitted in a sealed envelope bearing the designation "Confidential: Subject to
7   Protective Order."

8       14.   **Right To Redact.**   Notwithstanding the right to designate
9   information as Confidential or Sensitive Confidential, the Parties may redact from
10  Discovery Material information that would qualify as Sensitive Confidential
11  Information under this Order, but which is irrelevant or otherwise not responsive to
12  the discovery request giving rise to production of the Discovery Material, subject to
13  paragraph 18 below.

14      15.   **Duration.**  This Order shall continue to be binding throughout
15  and after the conclusion of this action, including any appeal thereof.  This Order, as
16  an Agreement, shall remain in effect until all Confidential Information or Sensitive
17  Confidential Information is returned to the Designating Party or destroyed, as
18  provided below.  Within thirty (30) days after termination of this Action by
19  dismissal, final non-appealable judgment or otherwise, each Party shall return to
20  counsel for the Designating Party all information designated Confidential
21  Information or Sensitive Confidential Information under this Order, including all
22  copies, prints, excerpts, and other reproductions of said information, however
23  generated or maintained.   In the alternative, counsel receiving Confidential
24  Information or Sensitive Confidential Information may supervise the destruction of
25  all Confidential Information or Sensitive Confidential Information, including all
26  copies, prints, excerpts, and other reproductions of said information, however
27  generated or maintained.  Counsel shall then advise all parties' counsel in writing
28  that all Confidential Information or Sensitive Confidential Information, including

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

**STIPULATED PROTECTIVE
ORDER**

all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, have been destroyed or returned.

16. **Limiting Disclosure.**  All reasonable efforts shall be made by counsel of record to limit disclosure of Confidential Information or Sensitive Confidential Information to the minimum number of persons necessary to conduct this action or to maintain the security of the ticketmaster.com website.

17. **Access to Additional Person(s).**  To the extent a Party decides that in order to understand or evaluate any Confidential Information the assistance of person(s) not otherwise entitled to access to Confidential Information is necessary, that party may request permission of the Designating Party to show such information to the specifically identified additional person(s).  The Party receiving the request shall respond promptly and shall not unreasonably withhold consent.  If permission is granted, the Confidential Information may be shown to the additional person(s), subject to the requirement that such person(s) agree to be bound by the terms of this Order and Agreement.  Any disclosure of Confidential Information under this paragraph shall not result in a waiver or termination of any of the rights and obligations to any other Party or person under this Order.  If permission is denied, the requesting Party may, in accordance with Local Rule 79-5.1, submit for filing *in camera* and under seal an application with the Court referencing the Confidential Information to be disclosed and, where appropriate, stating with particularity the reason or reasons assistance is needed, and naming the person to whom the Confidential Information is to be disclosed to obtain assistance.

18. **Challenges to Confidential Designation or to Redactions in Discovery Materials.**  In the event the recipient party disagrees with any designation of confidentiality or with the redaction of any information in Discovery Material, the Parties shall attempt to resolve such dispute on an informal basis.  If the dispute is not resolved informally, the recipient party, may contest the confidential designation or redaction in accordance with the procedures set forth in

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

**STIPULATED PROTECTIVE
ORDER**

Local Rules 37-1 through 37-4.  Pending resolution of the matter, the disputed material will continue to be treated as designated (*i.e.*, either Confidential or Sensitive Confidential).  If the Court determines that any materials are not entitled to confidential treatment, confidentiality will nonetheless be maintained for fifteen (15) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time.  If the Court determines that any materials are not entitled to redaction, the producing party shall disclose the redacted information within fifteen (15) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time.

19.   **Declassification.**   The restrictions on disclosure and use of Confidential Information or Sensitive Confidential Information set forth herein shall not continue to apply to information, which, at the time of disclosure, or thereafter, becomes a part of the public domain by publication or otherwise, other than a result of a wrongful act or failure to act on the part of the Party claiming this exclusion.  However, the restrictions shall continue to apply if such publication or other disclosure results from criminal, tortious or otherwise unlawful acts or omissions.   A Party seeking to declassify material designated as Confidential Information may, in accordance with the provisions of Local Rule 37-1 through 37-4 seek from the Court a ruling that the material is not entitled to such status and protection.

20.   **Right to Assert Other Objections.**  This Order shall not be construed as requiring any Party to produce information or documents which are privileged or otherwise protected from discovery by the Federal Rules of Civil Procedure.  Nothing herein shall be construed or applied to affect the rights of any Party to discovery or to assert any privilege or objection, or to prohibit any Party from seeking such further provisions or relief as it deems necessary or desirable regarding this Order or the matter of confidentiality.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

10

STIPULATED PROTECTIVE
ORDER

1    21.  **Use During Trial.**  This Order is intended to govern the

2  exchange and use of materials, information and Documents during discovery, trial

3  preparation, and post-trial proceedings.  Questions regarding the use of Confidential

4  Information or Sensitive Confidential Information during the trial of this action, if

5  any, will be addressed by the Court at a later time prior to or during trial.

6    22.  **Subpoena or Order.**  If a Party is served with a subpoena or an

7  order issued in other litigation that would compel disclosure of any information or

8  items designated in this action as Confidential or Sensitive Confidential, counsel for

9  the receiving party must so notify counsel for the Designating Party in writing

10  immediately, and in no event more than five court days after receiving the subpoena

11  or order.  Counsel for the receiving party also must inform in writing the party who

12  caused the subpoena or order to issue in the other litigation that some or all the

13  material covered by the subpoena or order is the subject of this Order.

14    The purpose of imposing these duties is to alert the interested parties to

15  the existence of this Order and to afford the Designating Party in this case an

16  opportunity to try to protect its confidentiality interests in the court from which the

17  subpoena or order issued.  Nothing in these provisions should be construed as

18  authorizing or encouraging a receiving party in this action to disobey a lawful

19  directive from another court.

20    23.  **Inadvertent Production.**  If a Party through inadvertence

21  produces or provides discovery that it believes is subject to a claim of attorney-

22  client privilege, common interest privilege, or work product immunity, the

23  producing party may give written notice to the receiving party that the Document is

24  subject to a claim of attorney-client privilege, common interest privilege, or work

25  product immunity and request that the Document be returned to the producing

26  party.  The receiving party shall immediately return to the producing party all

27  copies of such Document and shall return or destroy all excerpts and summaries

28  thereof.  Return of the document by the receiving party shall not constitute an

admission or concession, or permit any inference, that the returned Document is, in fact, properly subject to a claim of attorney-client privilege, common interest privilege or work product immunity, nor shall it foreclose the receiving party from moving for an order that such Document has been improperly designated as subject to a claim of attorney-client privilege, common interest privilege, or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.  The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to any other Documents, testimony or evidence.

24.   **Enforcement.**   This Order and Agreement may be enforced by an order of specific performance, as well as any claim for damages.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

AGREED TO BY:

  /s/ Donald R. Brown                                6/26/08
Counsel for Plaintiff Ticketmaster L.L.C.        Date


  /s/ Caryn Brottman                                6/23/08
Counsel for Defendant Thomas J. Prior        Date


SO ORDERED:


       DATED this 8th day of July, 2008.


                                                /s/ Jacqueline Chooljian
                                                U.S. MAGISTRATE JUDGE

<u>EXHIBIT A</u>

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read and understand the Stipulated Protective Order that was entered by the United States District Court for the Central District of California in the case of *Ticketmaster, L.L.C. v. Thomas Prior,* Case No. CV 07-2535 ABC (JCx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**STIPULATED PROTECTIVE
ORDER**